[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a Motion for Default against the defendant for its failure to file a responsive pleading to his Complaint. On July 10, 1991, an examination of the Department of Labor Employment Security Division found that the plaintiff, Paul Reeder, failed to report earnings from Virginia Industries Incorporated for the weeks ending May 12, 1990, and May 19, 1990, and that this failure to disclose was knowingly made in order to obtain or to increase the amount of benefits to which the plaintiff may otherwise have been entitled. The plaintiff was requested to refund the overpayment of unemployment benefits and was also assessed an administrative penalty of nine weeks loss of unemployment benefits. The plaintiff appealed this decision to an Appeals referee who on October 18, 1991, upheld the examiner's determination but modified the amount of penalty weeks to eight. The plaintiff then appealed the Referee's decision to the Board of Review. The Board of Review affirmed the Referee's decision as to the issue of fraud, but reinstated the original nine week penalty assessment and dismissed the plaintiff's appeal. On June 9, 1992, the plaintiff petitioned the Employment Security Board of Review to appeal the decision to the superior court pursuant to Connecticut General Statutes 31-249b. The Board mailed to the clerk of the superior court the plaintiff's original petition and the record of the proceedings to be docketed. On July 7, 1992, the defendant, Administrator of Unemployment, filed an appearance. On October 21, 1992, the plaintiff moved for default for defendant's failure to plead.
Connecticut General Statutes 31-249b provides that any party may appeal to the superior court any decision of the Employment Security Board of Review. The Board files the petition and certified record with the clerk of the superior court. It should be noted that the record did not contain a letter of certification stating that this is the complete and accurate record of the proceedings. It will he assumed that the record is complete and accurate. CT Page 11644
 In appeals of this nature, the Superior Court does not try the matter de novo. It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee. The court's function is to determine on the record, whether the referee acted unreasonably, arbitrarily or illegally.
(Emphasis added.) Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 4-5, 434 A.2d 293 (1980). Pursuant to Practice Book 511A, the chairman of the board of review is to file with the clerk of the superior court
 A certified copy of the record, which shall consist of the notice of appeal to the referee and the board, the notices of hearings before them, the referee's findings of fact and decision, the findings and decision of the board, all documents admitted into evidence before the referee and the board or both, and all other evidentiary material accepted by them.
Once the record has been submitted to the superior court "the clerk thereof shall by writing notify the board of any action of the court thereon and of the disposition of such appeal whether by judgment, remand, withdrawal or otherwise and shall, upon the decision on the appeal, furnish the board with a copy of such decision." Connecticut General Statutes 31-249b.
The plaintiff has had three hearings regarding his case with the Employment Security Division. His position is fully set forth in the record and in his petition for appeal to the superior court. The plaintiff did not have to bring a formal complaint to the superior court to institute this appeal. His appeal was commenced by sending a letter to the Board of Review with the heading "Appeal to Superior Court". This court finds that since the court is limited to the review of the certified record that an answer need not be filed by the defendant. See Eleazer v. Administrator, Superior Court at Hartford, No. 278914, (Oct. 3, 1982, Corrigan, J.) (No other papers need be filed except those required by Practice Book 511A which does not include an answer.) CT Page 11645
Therefore, the plaintiff's motion for default for failure to plead is denied because in an appeal pursuant to Connecticut General Statutes 31-249b, the failure to file an answer does not require that a default be entered.
WILLIAM J. SULLIVAN, J.